# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HJORICA HAMMOCK,**

    **Plaintiff,**

    v.

**Civil Action 2:19-cv-3185**
**Judge Michael H. Watson**
**Chief Magistrate Judge Elizabeth P. Deavers**

**RMA RECOVERY GROUP,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to comply with the Order to Show Cause dated September 24, 2019. (ECF No. 7.) For the following reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff filed the Complaint in this action on July 23, 2019. (ECF No. 1.) The docket reflects that Plaintiff effected service on Defendant RMA Recovery Group[1] on July 31, 2019, and that Defendant RMA Recovery Group's response to the Complaint was due August 21, 2019. (ECF No. 3.) To date, Defendant RMA Recovery Group has not filed an answer or other responsive pleading.

---

[1] Defendant RMA Recovery Group is the only named Defendant. (ECF No. 1.) Unnamed Defendants include John Does 1-25. (*Id.*)

Pursuant to Local Civil Rule 55.1(a), on August 26, 2019, the Court issued a Show Cause Order, directing Plaintiff to show cause why the claims against Defendant RMA Recovery Group should not be dismissed for want of prosecution. (ECF No. 4.) In response, Plaintiff submitted a Request for an Entry of Default with the Clerk (ECF No. 5), and the Clerk issued an Entry of Default as to Defendant RMA Recovery Group on September 11, 2019 (ECF No. 6).

On September 24, 2019, the Court issued another Show Cause Order, directing Plaintiff to either move for default judgment or show cause why the claims against Defendant RMA Recovery Group should not be dismissed for want of prosecution. (ECF No. 7.) Plaintiff's deadline to respond to the Show Cause Order was October 15, 2019. (*Id.*) To date, Plaintiff has failed to comply with the Show Cause Order.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of its failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.*

### III.

Here, the record demonstrates such delay. After Plaintiff failed to move for an entry of default against Defendant RMA Recovery Group, the Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution. Only after being prompted by the Court did Plaintiff apply for an entry of default. Then, when Plaintiff failed to move for default judgment, the Court issued another Order directing Plaintiff to move for default judgment or show cause why its claims against Defendant RMA Recovery Group should not be dismissed for want of prosecution. Plaintiff failed to file a Response. The Order provided adequate notice of the Court's intention to dismiss for failure to prosecute and supplied Plaintiff with a reasonable period of time to comply. It also provided Plaintiff with an opportunity to show cause why this case should not be dismissed for want of prosecution. Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** under Rule 41(b).

# **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 21, 2019        */s/ Elizabeth A. Preston Deavers*
                                                                               ELIZABETH A. PRESTON DEAVERS
                                                                               CHIEF UNITED STATES MAGISTRATE JUDGE